1817.

*Philadelphia.*

*Saturday,
January 4.*

## M‘CALL *against* CROUSILLAT.

### ACCOUNT RENDER.

THIS case was argued by *B. Tilghman* and *Binney* for the plaintiff, and *Phillips* and *Ingersoll* for the defendant.

TILGHMAN C. J. This is an action of debt, for the sum of 4516 dollars and 24 cents. The declaration contains two counts, 1st, on a judgment for *M‘Call* v. *Crousillat*, in an action of account render, in the Court of Common Pleas of *Philadelphia* county, in which *Crousillat* was plaintiff and *M‘Call* defendant; 2d, on the report of auditors in an action of account render, in the same Court, in which *Crousillat* was plaintiff and *M‘Call* defendant, whereby it was found, that *M‘Call* was in surplusage, in the sum of 4516 dollars and 24 cents: which report was confirmed by the Court of Common Pleas. *Crousillat* the defendant, in this Court, pleaded *nul tiel record*, to these two counts; and on that plea, the issue was joined. The record of the Court of Common Pleas has been produced to us, and we are now to decide, whether it is such a record as is described in the declaration. The defendant says that it is not, for several reasons, and 1st, because the record is not now remaining in the Court of Common Pleas, but in this Court, to which it was removed by writ of error. This objection deserves no favour, because it is quite foreign to the merits of the case. It is true that the record was removed to this Court by writ of error, but it is also true, that the proceedings in the Court of Common Pleas having been affirmed, it was ordered by this Court, that the record should be sent back to the Court of Common Pleas, according to the act of assembly in such cases provided. Now, after this order, I consider the record as being out of this Court, whether it has been actually sent back or not. But even if it were still in this Court, the issue would be with the plaintiff, because the declaration does not aver, that the record was remaining in the Court of Common Pleas, but only that judgment was given by the Court of Common Pleas, and the report made by the auditors and confirmed by the Court of Common Pleas, so that

> Where proceedings have been confirmed in this Court on error, and the record ordered to be sent back, it is to be considered as out of this Court, whether actually sent back or not. Even if still in this Court, the issue on *nul tiel record* would be with the plaintiff, where the declaration does not state it to be in the Court below but only that judgment was given in the Court below. *Query*, If judgment can be entered for the defendant on a report of auditors in account render, finding that the defendant was in surplusage? But the law is well settled, that the defendant may maintain an action of debt against the plaintiff for the amount so found in surplusage.

there is no weight whatever in this objection. The plaintiff says on the second, plea, that there was no *judgment* in the Court of Common Pleas, and so far as respects the first count, I think this is true. No judgment appears to have been given by the Court of Common Pleas. They only confirmed the report of the auditors, but gave no judgment that *M'Call* should recover any sum of money of *Crousillat*. In this respect, the proceedings appear to have been regular. I have not been able to find in the books of entries, any record of an action of account render, in which it was found, that the defendant was in surplusage, nor have I seen any authority for entering judgment, that the defendant should in such case recover against the plaintiff. But the law seems to be well settled, that the defendant may support an action of debt against the plaintiff, for the amount of the sum in which he was found in surplusage by the auditors. For this I refer to 1 *Vin. Ab.* tit. *Account*, p. 181, 182. (*B. a.*) *pl.* 5 & 6. and the cases there cited. But, although there is no such record as is stated in the first count, yet there is such a record as is stated in the second count. So that, upon the whole, the plaintiff is entitled to judgment.

YEATES J. and GIBSON J. expressed their concurrence.

Judgment for the plaintiff.